# United States Court of Appeals
## For the First Circuit

No. 26-1740

NEW HAMPSHIRE YOUTH MOVEMENT, ET AL.

v.

SCANLAN, ET AL.

Before

Gelpí, Montecalvo, and Aframe,
Circuit Judges.

**ORDER OF COURT**

Entered: September 4, 2026

Defendants-Appellants have moved for a stay pending appeal of the district court's May 28, 2026, order granting injunctive and declaratory relief. The district court's statewide order enjoined New Hampshire House Bill ("HB") 1569's elimination of "qualified voter affidavits," or QVAs, as a method for proving citizenship when registering to vote. It also enjoined HB 1569's elimination of "challenged voter affidavits," or CVAs, to overcome a challenge to a voter's eligibility. For the reasons discussed below, Defendants-Appellants have not shown that the equities and public interest justify a stay, and therefore the motion is denied. See Nken v. Holder, 556 U.S. 418, 433-34 (2009).

We note at the outset that this case raises difficult justiciability and merits issues, which will be addressed in the appeal of the district court's order. But even assuming Defendants-Appellants have made a strong showing of likelihood of success on the merits, we are unpersuaded that they have established irreparable harm, especially given how they have pursued stay relief following the district court's order. See Ruckelshaus v. Monsanto Co., 463 U.S. 1315, 1317 (1983) (Blackmun, J., in chambers) ("An applicant's likelihood of success on the merits need not be considered . . . if the applicant fails to show irreparable injury from the denial of the stay.").

We focus, in particular, on Defendants-Appellants' lack of diligence in seeking a stay, especially in the face of two impending elections -- a primary scheduled for September 8, 2026, and a general election scheduled for November 3, 2026. The district court entered its injunction on May 28, 2026; yet Defendants-Appellants waited three weeks to seek a stay from the district court, and at no point did they request expedited briefing. Then, after the district court denied their

motion for a stay on July 22, 2026, Defendants-Appellants waited another two weeks before seeking relief from this court, again without requesting expedited briefing.

We recognize Defendants-Appellants' interest in implementing a duly enacted law and that harm results from their inability to do so. Yet, after receiving several adverse rulings, Defendants-Appellants moved without urgency, despite the exigencies arising from the fast-approaching elections. An unreasonable delay alone may be sufficient grounds to deny a stay. Tough Traveler, Ltd. v. Outbound Prods., 60 F.3d 964, 968 (2d Cir. 1995); see also Beame v. Friends of the Earth, 434 U.S. 1310, 1313 (1977) (Marshall, J., in chambers) ("The applicants' delay in filing their petition and seeking a stay vitiates much of the force of their allegations of irreparable harm."). Moreover, after the district court's order, Defendants-Appellants immediately reinstated the QVAs and CVAs for the upcoming elections. Accordingly, Defendants-Appellants' relatively leisurely pursuit of a stay when facing reasons for expediency and the State's restoration of the affidavit system undermine Defendants-Appellants' claim of irreparable harm. See Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 36 (1st Cir. 2011).

Lastly, in our view, the public interest weighs against granting a stay. Since the district court issued its order, the New Hampshire Secretary of State has represented on its website that QVAs will be available to establish citizenship for those wishing to register to vote in the upcoming primary and general elections and has instructed staff accordingly. We are mindful that New Hampshire lacks many of the early voting mechanisms that are available in most other States, and of the central role that QVAs have played in offsetting some of the limitations imposed by New Hampshire's lack of an early voting system. Thus, should we grant a stay, eligible voters who have read and relied upon the Secretary of State's representation may arrive to register and vote on election day without the newly required documentation and be turned away without recourse. This result would potentially prevent some voters from participating in the electoral process. See Purcell v. Gonzalez, 549 U.S. 1, 4 (2006) (recognizing that there is a "strong interest in exercising the fundamental political right to vote" (citation modified)). These equitable factors, considered in the aggregate, convince us that this case does not warrant "the extraordinary remedy" of a stay pending appeal. Washington v. U.S. Dep't of Hous. & Urb. Dev., 171 F.4th 473, 488 (1st Cir. 2026). Accordingly, the motion for a stay pending appeal is denied.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Gilles R. Bissonnette, John T. Montgomery, Henry R. Klementowicz, Patrick T. Roath, Chelsea Eddy, Sophia Lin Lakin, Clayton Pierce, Geoffrey M. Atkins, Jacob Van Leer, Ming Cheung, Ethan Herenstein, Maria Danielle Savarese, Alex Hayden DiLalla, Davin McKay Rosborough, Stephanie A. Ainbinder, Matthew T. Broadhead, Anthony J. Galdieri, Michael P. DeGrandis, Richard J. Lehmann, Thomas R. McCarthy, Steven J. Dutton, David Robert Fox, Connor Walsh Harding, Desiree M. Pelletier, Tyler L. Bishop, Brandon Michael Hayes